Filed 1/15/16  P. v. Ortiz CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>          v.<br><br>JUAN DANIEL ORTIZ,<br><br>    Defendant and Appellant. | F070505<br><br>(Super. Ct. No. F14900304)<br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Fresno County.  Alan M. Simpson, Judge.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

\*Before Levy, Acting P.J., Franson, J. and Peña, J.

## PROCEDURAL AND FACTUAL SUMMARY

Defendant Juan Daniel Ortiz was charged in a second amended felony complaint filed on September 18, 2014, with assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b), count 1),[1] actively participating in a criminal street gang to promote or assist its members in felony criminal conduct (§ 186.22, subd. (a), count 2), carrying a loaded firearm in public (§ 25850, subd. (a), count 3), and being the occupant of a motor vehicle carrying a concealed firearm (§ 25400, subd. (a)(3), count 4). Count 1 alleged a criminal street gang enhancement (§ 186.22, subd. (b)(1)). On the same date, defendant entered into a plea agreement.

Defendant initialed and executed a felony advisement, waiver of rights, and plea form acknowledging the consequences of his plea. Defendant further acknowledged and waived his constitutional rights pursuant to *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122 (*Boykin/Tahl*). Under the terms of the plea agreement, defendant would admit count 1 and the gang enhancement alleged on that count. Defendant acknowledged the maximum he would face was 14 years in prison. In exchange for defendant's plea, the remaining allegations would be dismissed.

At the change of plea hearing, the court reviewed the terms of the plea, including that the prison sentence would be a stipulated term of 14 years. The parties stipulated there was a factual basis for the plea. Defendant acknowledged he read, initialed, executed, and understood he was giving up constitutional rights. The court reviewed defendant's *Boykin/Tahl* rights and established on the record that defendant understood them and was waiving them. Defendant pled no contest to count 1 and admitted the gang enhancement allegation.

On October 17, 2014, the trial court sentenced defendant pursuant to the terms of the plea agreement to the stipulated prison term of 14 years, calculated as the nine-year

---

[1]Unless otherwise designated, further statutory references are to the Penal Code.

upper term for assault with a semiautomatic firearm and a consecutive five-year term for the gang enhancement. The court imposed a restitution fine of $4,200 along with other fees and assessments. Defendant did not obtain a certificate of probable cause.

Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

## FACTS

On January 8, 2014, 18-year-old Eddie S., a Sureño gang member, was in his apartment complex's courtyard playing with his two younger siblings. Shortly after 4:00 p.m., defendant, a known Bulldog gang member, fired two or three gunshots at Eddie S. and his siblings. The bullets struck a shed and their apartment. Eddie S.'s parents were inside the apartment. Eddie S. had a prior dispute with defendant, who had challenged Eddie S.'s gang affiliation. Police stopped the suspected vehicle, but defendant was not inside. The vehicle was registered to Jose Ruedas. The driver of the vehicle, Richard Hernandez, consented to a vehicle search, but officers had already seen a .45-caliber handgun on the backseat. The gun, however, did not match the caliber of the evidence collected at the shooting.

Ruedas was questioned and admitted he drove defendant, also known as Ganik, to purchase a gun from another gang associate. A search of defendant's cell phone showed he was offering two guns for sale, one of which appeared to be the gun found in Ruedas's vehicle. While Ruedas was driving, defendant said he thought they should "'go bust some licks,'" which Ruedas understood to mean defendant wanted to shoot someone. Ruedas dropped defendant off and within 10 seconds heard shots fired. Ruedas saw defendant running from the area and then drove to the location where they were stopped by police.

Police used gang information and social media to identify defendant as the shooter. Eddie S. later confirmed defendant's identity from a photographic lineup. Defendant was subsequently arrested.

## APPELLATE COURT REVIEW

Defendant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  The opening brief also includes the declaration of appellate counsel indicating defendant was advised he could file his own brief with this court.  By letter on February 3, 2015, we invited defendant to submit additional briefing.  To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.